# UNITED STATES DISTRICT COURT
### for the
### Western District of Texas

**FILED**
July 05, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: __M. Ramirez__
DEPUTY

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Miguel Angel RODRIGUEZ | ) | Case No. 7:23-MJ-185 |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **May 26th, 2023** in the county of **Ector** in the **Western** District of **Texas**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 922(a)(6) | Providing Materially False Info During Firearms Puchase |

This criminal complaint is based on these facts:

☒ Continued on the attached sheet.

Attested to by applicant pursuant to Rule 4.1 of Fed. R. Crim. P. by phone & email.

/s/ C. Mitchell Fish
*Complainant's signature*

C. Mitchell Fish, Special Agent BATFE
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 07/05/2023

*Judge's signature*

City and state: Midland, Texas

Honorable US Magistrate Judge Ronald C. Griffin
*Printed name and title*

**7:23-MJ-185**

## AFFIDAVIT IN SUPPORT OF COMPLAINT

1. I, Curtis M. "Mitchell" Fish, affiant herein, being duly sworn, state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), assigned to the Lubbock, Texas, Field Office. I have been a Special Agent with ATF since 2021. Prior to my tenure as a Special Agent, I was employed as a police officer and detective with the Lubbock Police Department (LPD) from 2010 to 2021. The information contained in this affidavit is based upon my personal experience and information relayed to me by other law enforcement officers involved in this investigation. Because this affidavit is submitted for the limited purpose of establishing probable cause to believe a crime has been committed and that the defendant committed it, I have not included each and every fact known to me in this affidavit.

2. As a result of my training and experience, I am familiar with federal firearms laws, including 18 U.S.C. §§ 922(a)(6), which makes it unlawful for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, manufacturer, dealer, or collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or like to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter. There are five (5) elements to 18 U.S.C. §§ 922(a)(6): (1) that the defendant made a false written statement, (2) that the defendant knew the statement was false, (3) that the statement was

made in connection with the acquisition of a firearm from a licensed firearms dealer, (4) that the statement was intended or was likely to deceive a licensed firearm dealer, and (5) that the alleged false statement was material to the lawfulness of the sale or disposition of the firearm.

3. On June 29th, 2023, I was working as an ATF Special Agent in Odessa, in the Western District of Texas, on an unrelated investigation when I was advised of a shooting at 4306 N Dixie, Odessa, Texas, involving multiple casualties and at least one fatality. Once I completed my unrelated investigative duties, I responded to the Odessa Police Department (OPD) Criminal Investigation Division (CID) and was briefed on specifics related to the homicide and shooting. Initial information advised that the shooting revolved around an agreement between two groups of juveniles to sell a firearm.

4. I was assigned to assigned OPD CID personnel with the search of a white GMC Sierra truck, bearing Texas registration SXL-3259, where four victims were shot, including one fatally. No firearms were recovered during the search of this vehicle. At approximately 2:00 a.m. on June 30th, 2023, OPD CID personnel found a firearm on the side of the road in the 900 block of East 7th Street, which follows along on the route from 4306 N Dixie to Odessa Regional Medical Center, where the juvenile driver of the white GMC Sierra drove after he and numerous occupants were shot.

**Affidavit in Support of Complaint – Page 2**

5. I responded to the area where detectives located the firearm and viewed it myself. I determined that it was a Ruger, Security9, 9mm pistol bearing serial number 383-47846. I also observed that the firearm had blood on it. Due to where the firearm was recovered and the proximity to ORMC from the location of the shooting and homicide, it is believed that the firearm was used by one of the individuals inside of the white GMC truck during the shooting incident. OPD took custody of the firearm and secured it per their policies and procedures. I entered the information related to the shooting, and firearm recovery, into the ATF ETrace system as an urgent, high-profile trace.

6. At approximately 12:00 p.m. on Friday, June 30th, 2023, I reviewed the ETrace results which showed that the Ruger Security9 listed above was purchased by Miguel Angel RODRIGUEZ on May 26th, 2023. The firearm showed to have a time-to-crime of 35 days, meaning that 35 days elapsed between the purchase of the firearm and it being recovered by OPD. I responded to Gun Sport Limited, a Federal Firearms Licensee, located at 2701 N Dixie Boulevard, and made contact with employees at that location.

7. Employees advised that after receiving the urgent ETrace request, they reviewed video surveillance regarding RODRIGUEZ's purchase and began putting together a brief timeline related to his actions in the store on May 26th, 2023. I reviewed the video provided by Gun Sport employees and observed that RODRIGUEZ got out of a white in color GMC Truck (substantially the same as the one listed above involved in the shooting of five people) and came into the store. An employee shows him the firearm

**Affidavit in Support of Complaint – Page 3**

and then RODRIGUEZ beings using his phone, appearing to both text and take photos of the firearm.

8. RODRIGUEZ subsequently attempts to complete the purchase of the firearm, however he lacks the money to do so and is seen on video surveillance going back out to the white GMC Sierra and coming back in with more money to complete the purchase. RODRIGUEZ then passes a background check and is transferred the firearm.

9. I requested, and received, a copy of the ATF Form 4473 Firearms Transaction Record from Gun Sport and they provided me one. I reviewed it, specifically question 21.a., which asks "Are you the actual transferee/buyer of the firearm(s) listed on this form an any continuation sheet(s) (ATF Form 5300.9A)? **Warning: You are not the actual transferee/byer if you are acquiring any o the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer any of the firearm(s) to you.** Exception: If you are only picking up a repaired fiearm(s) for another person, you are not required to answer question 21.a. and may proceed to question 21.b." (Emphasis in original)  RODRIGUEZ answered that question by checking the box for "Yes" indicating that he was the actual purchaser of the firearm listed on the 4473.

10. Due to the violence associated with the purchase that RODRIGUEZ made, the decision was made to try and interview him on Friday, June 30th, 2023. OPD Detectives

**Affidavit in Support of Complaint – Page 4**

located RODIGUEZ at his residence and I responded to interview him. Upon arrival at approximately 3:43 p.m., I asked RODRIGUEZ if we could go inside and speak. He advised that we could. I requested that OPD Detective Amanda Smead come into the residence with me, and she agreed to do so. The remaining OPD personnel stayed outside and/or returned to their vehicles. Once Detective Smead and I were inside, I advised RODRIGUEZ that he was not under arrest, he was not in handcuffs, and that we were in his residence voluntarily, to which he agreed.

11. I advised him that I wanted to speak with him about a firearm that he bought approximately a month ago. RODRIGUEZ began describing a firearms purchase, however he described purchasing a Glock 19, which is not the firearm I located purchase records for from Gun Sport at 2701 N Dixie Avenue. During the conversation, RODRIGUEZ admitted to purchasing two firearms, the Ruger Security9 recovered in the early morning hours of June 30th, 2023, as well as Glock 19 (subsequently determined to be a Glock 19X bearing serial number AHCZ951) from Tejas Shooting Sports on June 5th, 2023, a separate FFL in Odessa, Texas. RODRIGUEZ also admitted to knowing that you have to be 21 years of age to purchase a handgun.

12. RODRIGUEZ initially provided false information to Det. Smead and me regarding who he transferred both firearms two, initially identifying the persons he gave them to as "Michael Sanchez" and "Will Edwards." I went on to advise RODRIGUEZ that there were potential criminal penalties for lying to a Federal agent and he said that

**Affidavit in Support of Complaint – Page 5**

he bought the firearm for "Will Edwards."

13. I then showed RODRIGUEZ the ATF Form 4473 related to the purchase from Gun Sports at 2701 N Dixie Boulevard, Odessa, Texas, within the Western District of Texas. I asked him if it was his name on the form, his address on the form, and his social security number on the form. He advised that they were. I then walked RODRIGUEZ through the form and asked him to tell me about the purchase of May 26th, 2023. He then told Detective Smead and I about another friend who had a white truck and is 18 or 19 years of age, stating his name is "Pedro." RODRIGUEZ could not provide the last name for "Pedro." He stated that he and "Pedro" actually rode with another individual that he did not know the name of and that the white truck actually belonged to him.

14. RODRIGUEZ then admitted to being told to purchase a Ruger firearm for "Pedro" with "Pedro's" money at Gun Sport. I then walked RODRIGUEZ through the ATF Form 4473 item 21., sub-question a and read the same to him. RODRIGUEZ advised that he answered "Yes," stating that he was the actual buyer of the firearm. He then admitted that he is not the actual buyer of the firearm and that he bought it for "Pedro."

15. "Pedro" (advised he did not know his last name) is approximately 19 years of age, and that while RODRIGUEZ completed the purchase of the firearms, afterwards he immediately gave them to "Pedro." He also admitted to purchasing the firearms with

**Affidavit in Support of Complaint – Page 6**

"Pedro's" money, including having to go back to the white GMC Sierra on May 26th, 2023, to get more money to complete the purchase at Gun Sport located at 2701 N Dixie Boulevard, Odessa, Texas, within the Western District of Texas.

16. We subsequently concluded the interview and I left the scene. I spoke with an ATF TFO and we ran the facts of the case past a Federal prosecutor. Based on a review of surveillance video and RODRIGUEZ's interview, I knew that he lied about being the actual purchaser of the firearms above and that he actual bought them for "Pedro." Additional investigation turned up another firearm that RODRIGUEZ bought from Tejas Shooting Sports on May 22nd, 2023, that he also failed to disclose.

17. Based on all the facts outlined above, I decided to arrest RODRIGUEZ for a violation of 18 U.S.C. §§ 922(a)(6), that is providing materially false information to a Federal Firearms Licensee during the purchase of a firearm or ammunition. RODRIGUEZ was subsequently arrested without incident.

18. Based on these facts, there is probable cause to believe Miguel Angel RODRIGUEZ violated Title 18 U.S.C. § 922(a)(6), ), that is providing materially false information to a Federal Firearms Licensee during the purchase of a firearm or ammunition.

**Affidavit in Support of Complaint – Page 7**

/s/ C. Mitchell Fish
_____
Curtis "Mitchell" Fish, Special Agent
Bureau of Alcohol, Tobacco, Firearms,
and Explosives

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this <u>5th</u> day of July, 2023.

_____
Ronald C. Griffin
UNITED STATES MAGISTRATE JUDGE